Christina Comty NYGREN, Respondent,

v.

TEACHERS' RETIREMENT BOARD of the State of Minnesota, Defendant,

Mary Becker, Appellant.

No. 81–126.

Supreme Court of Minnesota.

Oct. 9, 1981.

Bergman, Street & Ulmen, Minneapolis, for appellant.

DeParcq, Anderson, Perl, Hunegs & Rudquist and Peter Riley, Minneapolis, for Nygren.

Warren Spannaus, Atty. Gen., St. Paul, for Teachers' Retirement Bd.

PETERSON, Justice.

This is an appeal by Mary Becker, the former wife of John Nygren and named beneficiary of his contributions to the Teachers Retirement Fund, from an order for summary judgment in which the Hennepin County District Court determined that Nygren's widow, Dr. Christina Comty Nygren, is entitled to the contributions as a surviving dependent spouse pursuant to Minn.Stat. § 354.47, subd. 1 (1978). Having concluded that the district court erroneously construed this statute and the definition of "dependent spouse" enunciated in Minn. Stat. § 354.05, subd. 15 (1980), we reverse.

Following Nygren's death on February 3, 1979, both Mrs. Becker and Dr. Nygren claimed the contributions. Minn.Stat. § 354.47, subd. 1 (1978), in effect at the time of Nygren's death, provided in part:

> (1) If a member dies before retirement * * *, there shall be paid to his surviving dependent spouse or if there is no surviving dependent spouse to his designated beneficiary an amount equal to his accumulated deductions with interest credited to his account to the date of death.[1]

The board of trustees of the Teachers Retirement Association settled the question in favor of Mrs. Becker after concluding that Dr. Nygren did not qualify as a surviving dependent spouse because her income of $44,638 in the calendar year preceding her husband's death exceeded his income of $15,424. The board admittedly did not consider any other evidence.[2]

Dr. Nygren then commenced this action seeking judgment that the test applied by the board was erroneous and that she was in fact a "dependent surviving spouse" within the meaning of the Teachers Retirement Act. Her motion for summary judgment was supported by an affidavit averring that Nygren had paid all of the maintenance and upkeep on the home in which

---

[1]. This provision was amended by Act of February 7, 1980, c. 342, § 13, 1980 Minn. Laws 15, and now provides in pertinent part:

> (1) If a member dies before retirement * * *, there shall be paid to his surviving spouse or if there is no surviving spouse to his designated beneficiary an amount equal to his accumulated deductions with interest credited to his account to the date of death.

[2]. The board adopted this income-comparison test in 1974 when the statutory definition of "dependent spouse" was amended. Prior to amendment, Minn.Stat. § 354.05, subd. 15 (1971), had provided:

> "Dependent spouse" means: (1) the widow of a deceased member who has not remarried and was living with and dependent upon the member at the time of death, or (2) the widower of a deceased member who has attained the age of 65, has not remarried, was living with and dependent upon the member at the time of death for more than one-half of his support; or the widower of a deceased member who has not remarried and is totally and permanently disabled.

As amended by Act of March 27, 1974, c. 289, § 5, 1974 Minn. Laws 443, section 354.05 now provides:

> "Dependent spouse" means the spouse of a deceased member who has not remarried and was living with and dependent upon the member at the time of death.

they lived, including utilities, food, and entertainment; that one of his sons lived with them; that Nygren had done all of the driving and either did or paid for the servicing of their automobiles; and that much of her earnings had been put into a savings account for the benefit of both spouses. She also averred that Nygren's death had been a great emotional loss to her. Mary Becker also moved for summary judgment, supporting her motion by an affidavit averring that Nygren had changed a beneficiary on one life insurance policy he carried after marrying Christina to make her the beneficiary, but that he had not changed the beneficiary (Mary Becker) on a government life insurance policy and that she believed that Nygren had intentionally left her as the designated beneficiary of his contributions to the Teachers Retirement Fund because he knew that she would care for their sons.

The trial court granted Dr. Nygren's motion and ordered the Teachers Retirement Association, also a party to the action, to pay her Nygren's contributions. The trial court viewed the legislative history of the statute as proving that the legislature intended "to do away with strictly economic definitions of dependency within the marital relationship" and had clearly expressed a preference that a surviving spouse receive a member's contributions rather than a designated beneficiary who was not the member's spouse. He concluded that because Dr. Nygren had demonstrated that she and Nygren had been economically "interdependent," each relying on the other's income to support their mutual lifestyles, she was a surviving dependent spouse within the meaning of Minn.Stat. §§ 354.05, subd. 15 (1980), 354.47, subd. 1 (1978).

We find no support for these conclusions in the language of the statutes in force at the time of Nygren's death. The only legislative preference expressed in Minn.Stat. § 354.47, subd. 1 (1978), between a surviving spouse and a designated beneficiary is for a surviving dependent spouse. Nor does the definitional change in "dependent spouse", set forth in footnote 2, suggest that economic interdependence of itself establishes that a surviving spouse is a surviving dependent spouse. Neither the prior nor present definition of "dependent spouse" imparted a technical meaning to the word "dependent," and we are required to conclude that the word was used with its ordinary meaning—that the person so described relies upon and is sustained by another for support and is not able to sustain himself without such aid.[3]

We note also that in several statutes dealing with a variety of subjects the legislature has defined "dependent" to mean receiving financial support in varying degrees. For income tax purposes a dependent is "an individual dependent upon and receiving his chief support from the claimant." Minn.Stat. § 290.012, subd. 3 (1980). In the statute relating to the Public Employees Retirement Association, a "dependent child" is one, under 18 or between 18 and 21 and a full time student, and "in either case not married and dependent for more than one-half of his support upon such member at the time of death." Minn.Stat. § 353.01, subd. 15 (1980). Similar provisions appear in the statutes relating to police officers and elected state officers. Minn. Stat. §§ 352E.01, subd. 4, 352C.021, subd. 6 (1980). The same principle of need for aid or support is recognized in the Workers' Compensation Act in the definition of partial dependent, Minn.Stat. § 176.111, subd. 17 (1980), although this act contains a conclusive presumption that a surviving spouse, unless voluntarily living apart at the time of the employee's injury or death, is dependent and that children under 18 or under 25 and a full time student at high school, college or vocational school, are dependent. Minn.Stat. § 176.111, subd. 1 (1980).[4] It is clear from these statutes that, while "dependent" has been defined to mean in need of varying amounts of finan-

---

3. *See* Webster's Third New International Dictionary 604 (1961).

4. The Teachers Retirement Act contains no conclusive presumption that a surviving spouse is dependent.

cial support, the word itself connotes need of at least some such support. We conclude that the legislature did not intend by its use of "surviving dependent spouse" to mean emotional reliance upon the decedent, but did not use the word "dependent" in Minn. Stat. §§ 354.05, subd. 15 (1980), 354.47, subd. 1 (1978), with the meaning it has had in other statutes. Thus, a "dependent spouse" is one whose income alone is not sufficient to furnish him or her the reasonable necessaries of life.

This definition clearly suggests that in most cases the income-comparison test used by the board of trustees will not conclusively establish whether a surviving spouse is dependent. Obviously, the combined incomes of both spouses in many instances are required to obtain the reasonable necessaries of life and maintain their customary standard of living. Whether the surviving spouse is in fact in need of the income contributed by the decedent for their customary standard of living requires information about the extent of the surviving spouse's income and the uses made of it as well as of the decedent's income. Although it would appear that Mrs. Nygren is not likely to be a surviving dependent spouse under this definition, neither the board of trustees nor the district court had sufficient information to make that determination. Consequently, we reverse the order under review. We hold, however, that Mrs. Nygren should be offered the opportunity to present additional evidence on the subject.

We recognize also that the legislature has empowered the board of trustees of the Teachers Retirement Association to pass initially upon the question of whether a surviving spouse is dependent and therefore entitled to a deceased member's contributions even if the surviving spouse was not the beneficiary designated by the decedent.[5] For this reason we direct that upon remand the district court return the matter to the board of trustees for further proceedings and redetermination of that question.

Reversed and remanded with directions.

5. *See* Minn.Stat. § 354.07, subd. 1 (1980).